Yaakov LICCI, a minor, by his father and natural guardian Elihav Licci and by his mother and natural guardian Yehudit Licci, et al., Elihav Licci, Yehudit Licci, Tzvi Hirsh, Arkady Graipel, Tatiana Kremer, Yosef Zarona, Tal Shani, Shlomo Cohen, Nitzan Goldenberg, Rina Dahan, Raphael Weiss, Agat Klein, Tatiana Kovleyov, Valentina Demesh, Rivka Epon, Joseph Maria, Immanuel Penker, Esther Pinto, Avishai Reuvance, Elisheva Aron, Chayim Kumer, Sarah Yefet, Shoshana Sappir, Rahmi Guhad Ghanam, a minor, by his father and natural guardian Fuad Shchiv Ghanam and by his mother and natural guardian Suha Shchiv Ghanam, Fuad Shchiv Ghanam, individually, Suha Shchiv Ghanam, individually,

Ma'ayan Ardstein, a minor, by her father and natural guardian, Brian Ardstein, and by her mother and natural guardian, Keren Ardstein, Noa Ardstein, a minor, by her father and natural guardian, Brian Ardstein, and by her mother and natural guardian, Keren Ardstein, Netiya Yeshua Ardstein, a minor, by her father and natural guardian, Brian Ardstein, and by her mother and natural guardian, Keren Ardstein, Ariel Chaim Ardstein, a minor, by her father and natural guardian, Brian Ardstein, and by her mother and natural guardian Keren Ardstein, Brian Ardstein, individually, Keren Ardstein, individually, Margalit Rappeport, a minor, by her mother and natural guardian, Laurie Rappeport, Laurie Rappeport, individually, Orna Mor, Yair Mor, Michael Fuchs, Esq., Mushka Kaplan, a minor, by her father and natural guardian Chaim Kaplan, and by her mother and natural guardian Rivka Kaplan, Arye Leib Kaplan, a minor, by his father and natural guardian Chaim Kaplan, and by his mother and natural guardian Rivka Kaplan, Menachem Kaplan, a minor, by his father and natural guardian Chaim Kaplan, and by his mother and natural guardian Rivka Kaplan, Chana Kaplan, a minor, by her father and natural guardian Chaim Kaplan, and by her mother and natural guardian Rivka Kaplan, Efraim Leib Kaplan, a minor, by his father and natural guardian Chaim Kaplan and by his mother and natural guardian Rivka Kaplan, Chaim Kaplan, individually, Rivka Kaplan, individually, Rochelle Shalmoni, Oz Shalmoni, David Ochayon, Yaakov Maimon, Mimi Biton, Miriam Juma'a, as personal representative of the estate of Fadya Juma'a, Miriam Juma'a, individually, Salah Juma'a, as personal representative of the estate of Samira Juma'a, Salah Juma'a, individually, Said Juma'a, individually, Abd El-Rahman Juma'a, as personal representative of the estate of Samira Juma'a, Abd El-Rahman Juma'a, individually, Rahma Abu-Shahin, Abdel Gahni, as personal representative of the estate of Soltana Juma'a and individually, Shadi Salman Azzam, as the personal representative of the estate of Manal Camal Azam, Kanar Sha'adi Azzam, a minor, by his father and natural guardian, Shadi Salman Azzam, Aden Sha'adi Azzam, a minor, by his father and natural guardian, Shadi Salman Azzam, Shadi Salman Azzam, individually, Adina Machassan Dagesh, Arkady Spektor, Yori Zovrev, Maurine Greenberg, Jacob Katzmacher, Deborah Chana Katzmacher, Chaya Katzmacher, Mikimi Steinberg, Jared Sauter, Danielle Sauter, Yaakov Abutbul, Abraham Nathan Mor, a minor, by his father and natural guardian, Zion Mor, and by his mother and natural guardian, Revital Mor, Bat Zion Mor, a minor, by her father and natural guardian, Zion Mor, and by her mother and natural guardian, Revital Mor, Michal Mor, a minor, by her father and natural guardian, Zion Mor, and by her mother and natural guardian, Revital Mor, Oded Chana Mor, a minor, by her father and natural guardian, Zion Mor, and by her mother and natural guardian, Revital Mor, Zion Mor, individually, Revital Mor, individually, Adham Mahane Tarrabashi, Jihan Kamud Aslan, Zohara Louie Sa'ad, Iyah Zaid Ganam, a minor, by his father and natural guardian Ziad Shchiv Ghanam, and by his mother and natural guardian Gourov Tisir Ghanam, Ziad Shchiv Ghanam, individually, Gourov Tisir Ghanam, individually, Theodore Greenberg, Emilla Salman Aslan, Plaintiffs–Appellants,

v.

**LEBANESE CANADIAN BANK, SAL, Defendant–Appellee,**

**American Express Bank, Ltd., Defendant.**

15–1580

United States Court of Appeals, Second Circuit.

August 24, 2016

For Appellants: Meir Katz (Robert J. Tolchi, on the brief), The Berkman Law Office, LLC, Brooklyn, NY.

For Appellee: Jonathan D. Siegfried (Douglas W. Mateyaschuk, Peter J. Couto, on the brief), Petrillo Klein & Boxer LLP, New York, NY.

PRESENT: ROBERT D. SACK, RICHARD C. WESLEY, GERARD E. LYNCH, Circuit Judges.

## SUMMARY ORDER

Plaintiffs–Appellants ("Plaintiffs") appeal from a decision and order of the

**16**

United States District Court for the Southern District of New York (Daniels, *J.*). We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.[2]

We review the District Court's dismissal of an action on collateral estoppel grounds *de novo. Johnston v. Arbitrium (Cayman Is.) Handels AG,* 198 F.3d 342, 346 (2d Cir. 1999). For substantially the reasons stated by the court below, we find that the Plaintiffs' Antiterrorism Act ("ATA") claims, 18 U.S.C. § 2331 *et seq.*, are barred under the doctrine of collateral estoppel. A party is collaterally estopped from raising an issue if "(1) the identical issue was raised in a previous proceeding; (2) the issue was actually litigated and decided in the previous proceeding; (3) the part[ies] had a full and fair opportunity to litigate the issue; and (4) the resolution of the issue was necessary to support a valid and final judgment on the merits." *Wyly v. Weiss,* 697 F.3d 131, 141 (2d Cir. 2012).

The Plaintiffs contend that collateral estoppel does not bar their ATA claims because the judgment in the prior proceeding was "non-final." This argument is unavailing, as the decision of the United States District Court for the District of Columbia in *Kaplan v. Cent. Bank of the Islamic Republic of Iran,* 961 F.Supp.2d 185 (D.D.C. 2013) ("*Kaplan v. Central Bank*") is a final judgment for purposes of collateral estoppel, *see Lummus Co. v. Commonwealth Oil Ref. Co.,* 297 F.2d 80, 82 (2d Cir. 1961), that satisfies all of the conditions for collateral estoppel, *see Wyly,* 697 F.3d at 141. The Plaintiffs' attempt to treat *Kaplan v. Central Bank,* a final decision, and *Kaplan v. Hezbollah,* No. 09–CV–00646 (D.D.C. Apr. 8, 2009), a non-final decision, as a single case, is unavailing.

**2.** These facts are described in further detail in the accompanying opinion, *see Licci,* 15–

In addition, the District Court did not abuse its discretion in refusing to exercise supplemental jurisdiction over the Israeli state law claims in light of its dismissal of all of the Plaintiffs' federal law claims. *See* 28 U.S.C. §§ 1367(a), (c); *Lundy v. Catholic Health Sys. of Long Island, Inc.,* 711 F.3d 106, 118 (2d Cir. 2013).

Accordingly, we **AFFIRM IN PART** the judgment of the District Court as to Plaintiff's ATA and Israeli state law claims.